UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LEWIS BROWN, | ) | CASE NO. 1:11 CV 529 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MR. IMBODEN, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Lewis Brown filed the above captioned action under 42 U.S.C. § 1983 against Mansfield Correctional Institution ("MANCI") Food Service Administrator Mr. Imboden, MANCI Food Service Employee Joseph Townley, MANCI Food Service Manager Mr. Wolfford, MANCI, and the Ohio Department of Rehabilitation and Correction ("ODRC"). In the Complaint, Mr. Brown asserts the Defendants failed to properly train him to use a kitchen appliance which resulted in his injury. He seeks monetary damages,

## I. Background

Mr. Brown was assigned to work in the MANCI food service area as a prep cook. He and Inmate Clayton Gopp were instructed by Mr. Townley to cut cheese and vegetables for the noon

meal on May 20, 2009. They were issued knives and locked in the preparation room. Inmate Gopp cut up the vegetables while Mr. Brown attempted to slice cheese. The cheese, however, was frozen and Mr. Brown had a difficult time performing his assigned task. He summoned Mr. Townley and asked for assistance. Mr. Townley determined the cheese could not be sliced with a knife, and began to use the electric food slicer. After cutting a few slices, Mr. Townley instructed Mr. Brown to continue cutting the cheese with the slicer.

Some time later, the slicer became jammed. Mr. Brown began to wipe the cheese from the tray on the slicer to get a better view of the problem. He then felt a sharp pain in his left hand and discovered he was bleeding profusely. He was escorted to the infirmary where medical personnel discovered that Mr. Brown nearly severed his thumb and cut the palm of his hand. He was transported to an outside hospital where he was treated and released.

At the prison, Mr. Brown was placed on a medical "lay-in" from work and received two passes per day to the medical department for dressing changes. The institutional physician removed the stitches on June 2, 2009. He claims his thumb becomes stiff and locks, is discolored, and has numbness where the nerves were damaged. He contends he has been told by medical staff that there is nothing that can be done to relieve these conditions.

Mr. Brown asserts that the Defendants failed to properly train him to use dangerous equipment, which led to his injury. He contends they were negligent in their instruction, and should have been aware of the substantial risk of harm they created. He contends the Defendants violated his Eighth Amendment rights.

2

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this

---

[1]    An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

#### A. Parties

As an initial matter, MANCI and the ODRC are not proper parties to this civil rights action. MANCI is a prison facility under the control of the ODRC. It is not its own legal entity, and is not capable of being sued or bringing suit. In other words, it is not *sui juris*. *See Yoel v. Gandolf*, Case No. 1:06-CV-387, 2007 WL 777983 (N.D.Ohio Mar. 12, 2007)(holding that the Lake County, Ohio Court of Common Pleas cannot sue or be sued in a Section 1983 action). *Hale v. Vance*, 267 F.Supp.2d 725, 737 (S.D.Ohio 2003) (concluding a police department is merely a subunit of the city, and is not *sui juris*). The claims against MANCI are more properly construed against the ODRC.

The ODRC, however, is immune from suits for damages. A State and its agencies may not be sued in federal court unless the State has consented to such a suit or its immunity has been properly abrogated by Congress. *See e.g.*, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996); *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. *Latham*, 395 F.3d at 270; *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

#### B. Eighth Amendment

In addition, Mr. Brown fails to state a claim for violation of the Eighth Amendment. Prison

4

officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

While Mr. Brown's injuries were undeniably serious, he has not established that Mr. Townley, Mr. Imboden, or Mr. Wolfford acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Mere negligence will not suffice. *Id.* at 835-36. Mr. Brown claims only that the Defendants were negligent for failing to

5

properly train him to use the slicer.  He has not satisfied the subjective component of an Eighth

Amendment claim.

### III.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.[2]

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: August 22, 2011

---

[2]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not
> taken in good faith.